skinny trash? Maggie Pedus, be at the clerk of politics please Devimon taken advantage of the situation by behaving in a shock in regards to lagging that's part of the first 9 different high school districts 1227 and it's one that's listed as raised by Landers becomes Mr. Lyons Good afternoon your honors court, counsel I represent Mrs. Long and Edgar in this matter along with Lynn Dowd who is still present as well I'm just going I'm sure the court is familiar with the briefs, I won't belabor the facts except to say that the facts that are that were adduced at the lengthy hearing in this matter before the independent hearing officer supplied by the Illinois State Board of Education are hotly contested there's issues, there's evidence to support pretty much any position you'd like to come up with the hearing officer is the one who heard the testimony, listened to the witnesses had a chance to observe them and made a determination as to which witnesses to believe and which witnesses not to believe So, how do we know that? Well, because the credibility determination, although he didn't say I find Mrs. Long and Edgar credible and I don't find Mrs. Mitchell to be credible, he didn't say that, that's true but it's inherent, the credibility determinations are inherent in his findings and decisions, because he said at the end of the day, the school board has completely failed to prevail on any of its charges, it has not proved one single charge, and therefore the hearing officer has necessarily found in that determination that he did not believe Angelina Mitchell and that he did believe Jennifer Long and Edgar and the witnesses that were produced on her behalf So, that's that's the situation I think that's safe to say from the record, I think we can look at what the hearing officer wrote, and it's a lengthy decision 38 pages or something like that But, I thought you started out by saying that there's evidence in this record that it's for either position. Well, that's true, but in a lot of cases there's evidence to support both positions and what the determination as to which witnesses to believe Well, this is an interesting for you because it's not really clear who is the fact finder, but that perhaps it's arguable both the board and the hearing officer are fact finders. I would suggest to your honor that that's not the case, I think that Well, how do you modify and supplement? Well, that's a real good question because, as the bench court said it's going to be something that's going to have to be done very sparingly, because really, how do you modify something like that where you say it's against the manifest way? I mean, something where the outcome is so clearly apparent. We do know that manifest way ordinarily means that you can't just substitute your own opinion. You and I may differ about which witnesses to believe in a given case, but we're not the fact finder if you're sitting here you're not making credibility determinations and I think the point that we're trying to make in the brief is that the school board here functions almost on a tele-review level it has both a prosecutorial function because obviously it has to take the case against the teacher and try to prove to the hearing officer's satisfaction that the charges that it has leveled against her but then at the end of the day when the hearing officer has made his determination as he did here, the only way they can reverse that is if it's against the manifest way, not because they would have reached a different conclusion, they had a different opinion of course they had a different opinion. If they didn't have a different opinion they wouldn't have brought the charges. I mean, it's kind of a circular argument here so, in terms of who's the fact finder counsel brought up, or the school board brought up in their response that they started talking about the Chicago cases and even in the Chicago cases where the school district, the Chicago school board has a much greater authority to hire and fire than does downstate school districts according to the statutory scheme even in those cases the courts have found that the hearing officer is the fact finder the hearing officer is making the credibility determinations and it doesn't make sense under 2412, the statute that we're here to talk about to see it any other way because why do we even require a hearing officer in this case to be not live in the district not be affiliated with any of the parties has to be supplied by the Illinois State Board of Education has to go through special training why do we even need that if we can just say at the end of the day we don't like what he said, they have the power to modify that they have the power to modify, but it's fairly limited and that's the whole point manifest weight standard is what's been imposed on them by 2412 to analogize from workman's compensation workman's compensation, you have a hearing officer they have commissions then if they appeal to the circuit court what's the circuit court look at they look at the industrial commissions but there's a difference we try to address this in the brief as well in many agency situations the agency is permitted to create employ, engage, contract with hearing officers they are its people, its creatures it's not the situation here in downstate tenure teacher dismissal cases instead you have to go to a pool outside your school district, you have to go to the Illinois State Board of Education the Illinois State Board of Education is what provides the disinterested, neutral back finder, and that's the difference between the industrial commission and the situation we have here that's why the hearing officer must be considered the back finder and if he wasn't considered the back finder it wouldn't make sense under D-9 which specifically requires the court reviewing a reversal if you will of the hearing officer's determination to take into account both the findings of the school board and the findings of the final agency determination we don't care what the hearing officer says and that's the school district's position in this case I understand that, but I don't think that's what the statute says and if we're going to follow the statute we have to give meaning to every portion of that statute and if we're going to follow what the school board says that we should do in this case we might as well just make teachers at will well, let's not go down there this act was to try to give the school board some input that's really the purpose here to say, you know, Chicago has it, why don't we? but they didn't give when the legislature does something we have to look at what they actually did and look at the words that they used and the words that they used said, yes, you do have that final authority and we're not arguing that but it's a very limited it's difficult to apply standard here to say that you're not going to be able to routinely reverse what the hearing officer recommends you can't do it because you have to apply this manifest weight standard that's what DH says to supplement and modify yes but we're here looking at a review of the circuit court's review of this whole matter and so it has on its table a hearing officer with recommendations and it also has a board that has taken action and arguably supplemented or modified so there's an implicit now the degree of completeness of that supplementation and modification can be argued but arguably back you can infer the manifest weight of the evidence was contra to the hearing officer well, ok, they used the form clearly in their final order of dismissal they used that format but what they did in practice they tore up every finding that the hearing officer made instead of saying that Ms. Mitchell was not really a bully that her testimony was strangely fuzzy on everything except these fatal events the school board said no, she's the most credible witness in the world and Ms. Longenecker is the least credible witness in the world contra to everything that the hearing officer said it didn't take just, you know, oh we disagree on this one area or there's one specific contested point that we feel the evidence is winding up for some reason they said everything that we set out to prove we proved even though the hearing officer didn't say it that's not supplementing or modifying I suppose you could say in a show bill in the legislature sometimes you supplement and modify by tearing out the first sentence I don't think that's what the legislature intends for this court to do or for school boards to do in tenure teacher dismissal cases arising outside the state of Chicago I just don't think that's an appropriate reading of this statute is the record that was developed for the hearing officer taking away all the credibility and testimony the credibility and determination that flowed from the testimony because we had not only Mitchell we had Longenecker we had testimony by a teacher I believe that interviewed a student all of those things is there something there in evidence that would support the decision of dismissal if you just put that away to support the decision of dismissal yes I would say no when you look at they start out with the bringing of the actual test booklets to the classroom and they've got that on videotape and they've got a list that they have to put in with all the numbers that are supposed to correspond with the stack of things that they brought in and put either on her desk or on her chair and they did or did not lock the room in the lab the students weren't there and the teacher wasn't there I mean there's a ton of testimony on that totally independent of credibility here it's physical evidence that was seen now what they did they had this list of numbers and the test booklet that supposedly has the seals broken which is the foundation of the biggest charge against Mrs. Longacre doesn't have, it's not on that list the principal came in on the day of February 27th or whatever day it was that she was accused of cheating on her and started writing in additional numbers on that list the list is in evidence that's all in the record there's handwritten additions to the list so physically there's not even proof that this was one of the booklets that was delivered to Mrs. Longacre in the first place so no, I would say that outside of Angelia Mitchell there's a huge gaping problem with the school board's case I think their case comes down to do you believe Angelia Mitchell or not and the hearing officer was in a better position to make that determination first of all, he's a neutral, he's independent the statute gives him the right to be the hearing officer and the school board is coming in with an axe to grind I mean, they're the prosecutor I'd like to save some time for rebuttal when it says they can modify and supplement they can modify and supplement findings of fact right so when you supplement findings of fact you're making findings of fact but the question is you can modify or supplement findings of fact but what can you do? do you have a tabula rasa on which to write or are you constrained by the certainly you're constrained by the record you can't introduce new evidence you certainly can't go out now you're saying every determination of this fact finder made we disagree with and we're throwing it all out Justice Horwich talked about the degree involved here you're not going to get a more extreme case of a degree of they're not hearing other witnesses so what they have is they have a record if they take this record and this testimony and they have the power under this grant of authority to make determinations so what they do is they look at it so they decided to modify and supplement only if it's against the findings that the hearing officers made are against the manifest weight of the evidence that's a high standard so if they look at that and say this is against the manifest weight of the evidence we find this then when it comes up here we're reviewing both but the important thing is just because you say manifest weight doesn't mean it is against the manifest weight the opposite conclusion must be clearly apparent the court has to is that conclusion clearly apparent on this record and the conclusion you reached is not supported by the evidence are you substituting you can't substitute credibility determinations you can't substitute your own judgment certainly in this case where the school board has they obviously want to terminate it they want to get rid of her for whatever reason you don't know or really care what the reason is why they developed this animus toward her this is a very interesting issue in terms of substituting credibility determinations why can't they enter this scheme because we're really talking about foundation in terms of making that determination of credibility in other words what it really comes down to weighing and rationally looking at the weight to be assigned to Mitchell versus Langevin and it seems perhaps it's a poor choice of words  but it seems to me that they get to almost re-weight I don't think because I do they can't have a hearing due process would require I would presume anyway due process would require no introduction other than what exists in the record I think the rules of statutory construction are going to require you to take a look at supplement and modify it in the context of D-8 which says it's got to be against the manifest weight of the evidence before you can't supplement or modify you can't do it unless it's against the manifest weight of the evidence and then you've got to explain because you have to make the detailed findings that D-8 requires you have to explain why you're changing the findings that the hearing officer has made here they're just saying we don't like them we're throwing them out because we disagree with them Angela and Mitchell is a really credible witness and Jennifer Langevin is a terrible witness and all the evidence supports that all the findings that we're going to come up with support our position that's not consistent with the language or the spirit of the statute itself I think the best argument that the school district has is that the legislature intended to give a downstate school district the opportunity to terminate a teacher and to actually have some input into the process we agree but that's not the point we're not arguing that point the point is what restrictions did the legislature put on it and I believe the legislature put some very significant restrictions on there in D-8 and D-9 you're arguing that the role of the board would be similar to the role of the court when you look at something against manifest way of the evidence yes, yes but when it's reviewed by the court we have to determine if the decision is against manifest way of the evidence we don't modify and supplement that's true so if modifying and supplementing means something and you're talking about the spirit the statute as we are trying to define it what it is it certainly means more than the traditional affirmance unless it's against manifest way of the evidence there's this other factor supplement and modify and as Justice Holkridge said supplement and modify only based on this record that's before them that's the only thing they can go by they're not taking new evidence they're not supplementing the record they're supplementing a decision or modifying a decision they have the right to either modify what was already decided or add things I guess if you're supplementing you can add other decisions you could add things that the hearing officer failed to include so you have the hearing officer's conclusions findings then you've got the board with the ability by the statute to say well we've added these findings and we've changed these findings because we find them against manifest way of the evidence Justice Carter I'd answer that this way if you look at the normal review on this type of case once you say manifest way standard applies you really don't have to explain where you agree or disagree with the fact finder you really don't have to explain why you think he was right or wrong or why you think we really could have found a different way but we have to go along with it because of the manifest way standard there's some evidence to support that position this court doesn't have to make that kind of explanation when we say modify or supplement in the words you used in the statute also used in VA is we have to explain school district is required to explain why it's modifying why it is doing what it's doing so it's giving a little bit more than the standard manifest way review but it also is compelling the school district to explain why it's doing it and when the school board explains why it did it here it's just simply we don't believe anything that Longenecker said and we believe everything that Mitchell said of course you went into the hearing with that point of view or you wouldn't have terminated it and of course you went into that hearing with that point of view because you're prosecuting those charges to the state board of education hearing officer so we are reviewing or the circuit court at first instance is reviewing the adequacy of that explanation and what standards should that court use in reviewing the adequacy of that explanation well they would have to look at it in a way similar to any court looking at a manifest way standard where you have to say is the opposite conclusion clearly apparent on this record is there merely a substitution of credibility determinations or a substitution of judgment we believe that you made the wrong decision if those are the kinds of things that the school district is offering as its explanation then it has failed in its obligation to justify any supplementation or modification of the hearing officers recommendations and findings that would be my position and I think that's supported by the clear language of the statute but when they get this power to supplement and modify and then under our standard of reviewing these kinds of administrative matters we would be deferring to that fact finding as long as it meets the proper standard and if it's supported by some evidence in the record there are a lot of things in these administrative hearings that either conclusion could have been supported based on the evidence that's right and you're faced with that frequently what ends up deciding the day is the deference given to agencies and boards and so forth and fact finders the first one  first one if they do it appropriately because it's not against the manifesto and then the review of that that review is not as broad as this no, I don't think it is but the deference situation that you have in the ordinary agency determination is it's clear that one fact finder is identified here, I believe well, I don't think you have two fact finders I think you have one fact finder I still think the hearing officer is the only fact finder I think that the school district has been given the authority to supplement or modify but not to supplement or modify by substituting entirely its own credibility determinations, its own judgment its own preconceived approach to the disposition of this there's still only one fact finder but either way, I know that D-9 says and I think we're all going to agree on this D-9 says I have to look at both what the hearing officer did as well as what the school board did in response and then it has to evaluate whether the school district's response was appropriate based on the record and so there's some deference right there to I guess what's troubling me though which I try to understand is let's take a supplement so you have the board making five additional facts, five minutes of facts hypothetical, not made by the hearing officer well certainly, the difference that's not from the hearing officer that's from the board, and they have the power to do that I think it's contrary to something the hearing officer did as long as the standards they have to use under D-9, as you talk about then you have the modification the modification is changing you modify, you either add something, subtract something or change it, right? Isn't that modifiable? that's a fine fact then too as long as they meet the D-9 standard well because the record is still the record there's only one record in this instance, for example we have a gym teacher and another 5th grade gold team member whose testimony is cited in the school district's final disposition and we cover this in our statement of facts in the brief there's a the school district said, well, the hearing officer didn't mention their testimony at all in his 38 pages of findings from what I can tell the testimony of these two witnesses doesn't add that much to anything however, I think that might be an instance where, you know, we're talking about what kind of supplementation could be appropriate, where they could say well, the school district, the hearing officer failed to include the testimony of these three witnesses or two witnesses in this case if those two witnesses had something to say that was really dispositive which is not the case here, but if they did hypothetically, then  under this statute to modify the hearing officer's decision because, oh, you didn't include the testimony of witnesses Smith and Jones in your findings of fact Smith and Jones testified and Smith and Jones testified in support of the position that we're advocating here so that would be a possible way, I think that you could, in that limited situation as the base court stated find a way to supplement or modify what the hearing officer said, but I still think that under any tenured teacher dismissal case Chicago or downstate, the hearing officer has traditionally been, and even under the Chicago rule, has been the finding, the fact finding again, acknowledging workman's compensation cases and this is not a workman's compensation case but here you have a hearing officer decision and on occasion the commission disagrees and does something else, and how's that reviewed? Right, and it's reviewed that way because the statute allows that to be reviewed that way, and the statute also creates the hearing officer for the workers' comp commission is the workers' comp commission he is the eyes and ears of the workers' comp commission it's the same with the board of elections, it's the same with the motor vehicle review board, there's a number of agencies under our administrative law scheme that do have their own hearing officers, and they are their people, and they are the substitute for the actual board So in those cases, there have been times where the commission they make different findings of that contrary to the hearing officer Absolutely, and they can do that because those hearing officers are their people, but in this case under this statute, the hearing officer is not the school board's person, the hearing officer is in fact required under 2412 to be somebody outside, to be from a panel selected by the state board of education to be disinterested outside the district to avoid the political pressures, all of those things that the statute very likely requires to guarantee the independence and impartiality of the The school board is the adversary, the workers' comp commission isn't the employer, it's the arbiter, the decision maker, it is not the person, the employer where the individual is working I quite agree, thank you You're throwing me a lifeline here, just a second The difference in statutory that the workers' comp analogy I couldn't agree more I wish I'd said it first but I didn't, thank you Mr. Slade, you're taking the first 10 minutes Yes May I please record your honors, counsel My name is Randall Slade I'm representing the school district in this case which deals with the procedure for terminating teachers for cause under the Illinois School Code, specifically the school board's role as your honors are all very familiar with as I can tell by your questioning This process was heavily revised in 2011 I think it's important that we take a step back and look prior to 2011 what the procedure was so we can get an understanding of what these changes actually did Now, we go way back, before 1975 the school board did have sole discretion for dismissal The school board determined the facts and determined whether dismissal was warranted That was amended in 1975 and when that change was made the hearing officer was given the ultimate authority to deference The hearing officer's decision was final and the board could not supplement or modify the hearing officer's final What the board's sole remedy in the 75-2011 time period was was under the administrative review law where the appellate court would review the hearing officer's decision under a manifest wage standard which is essentially what the plaintiff in this case is asking you to do However, in 2011, the state legislature heavily revised the statute for tenured teacher terminations under the Illinois school code The amendments were based on the comments of the bill's sponsors and so forth The amendments were designed to return to the local school board the final say in dismissal cases It made it more similar albeit different, more similar to the pre-1975 process and the process used for Chicago school cases Ultimately, the intent of the legislation and by the very words of the legislation the board has the final say in the teacher termination decision prior, of course, to any judicial review and there's a clear intent to return to the board that control The hearing officer now issues findings of fact and recommendation that the board has to incorporate unless the board, in its opinion and that's the exact language used in the statute in the board's opinion the findings of fact are against the manifest wage the evidence In that case, the board may modify or supplement those findings of fact This change takes away any deference to the hearing officer If we are in a situation where this court has to say well, the hearing officer's findings are reviewed under the manifest wage standard then the changes made in 2011 simply have no effect If we accept I guess what I'm grappling with is if we accept your analogy then there really is no need for the hearing officer Well, the hearing officer does make findings of fact and recommendation and the findings of fact, anyway are incorporated into the school board's final written order and in this case, on the very first page of the final written order it does say, except where we're modifying, supplementing and rejecting the findings of fact, those are incorporated into the final written order and dismissal So are you suggesting because I think it's interesting both your arguments are polar opposites You're suggesting I mean, to me it looks like if we buy into everything you're saying we're going to Scotland style where the board fires and fires, correct? Well, if we go the other way we're going back to the modification has no effect at all So my question is the hearing officer when you say incorporate that the board would incorporate the hearing officer's findings of fact the hearing officer makes a recommendation as well Is that correct? It is correct And so they have to, what you're saying is ultimately they just take that back and then they make their own decision, is that correct? If we look at specifically what the statute says I think this is a very important distinction It says the school board's written order shall incorporate the hearing officer's findings of fact It does not say the school board has to incorporate the recommendation of the hearing officer except that the school board may modify or supplement the findings of fact if in its opinion, in the school board's opinion the findings of fact are against the manifest way of the evidence Then for a tenured teacher to appeal a dismissal by the board What do they appeal on? They're appealing the final decision of the board and at the conclusion of D8, the last sentence of D8 it says the decision of the school board is final unless reviewed as provided in paragraph 9 of this subsection B So that is the board's decision in this case the board's decision to terminate that is ultimately being reviewed And when that review is based on a manifest way That is correct Well, is there a middle ground since you're required, I mean the board's required I mean the board can accept all findings of fact unless in its opinion it's against the manifest way of the evidence, right? That is correct So what is reviewed by the courts is the review that the board's finding in its opinion that the hearing officer's finding is against the manifest way of the evidence To review that and say well, we agree with the board, it's not against the manifest way it's against the manifest way of the evidence or disagree with the board or is it just taking the last decision of the board and saying well, is that final result against the manifest way of the evidence based on the record So, there seems to be like two levels here If you take the finding of the hearing officer and you're not allowed to change it unless I know it says in your opinion but unless that finding is against the manifest way of the evidence So, you have a standard to use and you can't just say, well, we think it's something else It has to be against the manifest way of the evidence If that means something, then there's something about the hearing officer If that finding's made, then you come to a different conclusion based on the record that's fixed and given There are like two different things you could be reviewing with the court, right? Your initial finding that the hearing officer's opinion is against the manifest way of the evidence and then your final conclusion looking at the record on your final conclusion is that against the manifest way of the evidence based on the record And I think that's why the language in D-8 which says the decision of the school board is final unless reviewed as provided in paragraph 9 And then when you look at what paragraph 9 says it says the court on review shall give consideration to not deference nothing else to the school board's decision and its supplemental findings of fact and the hearing officer's findings of fact and recommendation So essentially, what this court is being asked to do is review the school board's decision to terminate Jennifer Longenecker under a manifest way standard Why isn't it clearly erroneous? Because in this case Now we're talking about review of a school board decision by a court of law So where is it manifest way at this point? The case law in the teacher termination I'm not seeing time tax as used as standard I think My point is that if we are saying that it's the school board decision and that this whole process preceding that decision has data input from a hearing officer with a recommendation that's not binding apparently to the statutory framework then all we're requiring the board to do is to either accept those findings of fact from the hearing officer or if they would find those findings of fact against the manifest way to the evidence which I don't know why findings of fact are against the manifest way to the evidence You're talking about the recommendation at that point aren't you? What's against the manifest way to the evidence in that subsection to supplement and modify? It would be the school board's excuse me, the hearing officer's findings of fact Again in VA it says the school board shall incorporate the hearing officer's findings of fact except that they may be modified or supplemented if in the board's opinion the findings of fact are against the manifest way There's a lot of bad language in there in that act as it's a very confusing language and that's why I think it's important to look at what the law was before and what the legislature intended which was to give control back to the school board If they gave control back to the school board why did they put that limitation accepting that unless it's in its opinion it's against the manifest way to the evidence There are things before. Before the board could do it, it was the board's decision Then that got changed You're referring to pre-1975 Then that got changed. So that was changed again to now this middle, you've got two entities that work here There's that hearing officer thing After the board, they put independent as stressed by your opponent, independent objective hearing officers Right. There is a hearing officer So then it's changed again to say okay we'll keep that in place and now we'll put the board back into the picture They wanted to give the board the right to modify But the difference between the present situation and the old situation with the board is now the board is really stuck with the hearing officers unless it's in its opinion with the findings from the hearing officers would be against the manifest way to the evidence That wasn't the way it was before Correct Is that a limitation on the power of the board? I think it's an instruction to the board that they have to review what the hearing officers said the findings of fact they've made Review the entire record The modifications and supplementations in this case are all supported by citations to the record of the transcript And that's the limitation on the board So if the board makes a mistake now that in their opinion it was against the manifest way to the evidence the court can say that wasn't against the manifest way to the evidence I mean there are standards for that review against the manifest way to the evidence This actually does give the teacher the right to have the decision reviewed under the administrative review So we're viewing that and when you talk about finding the fact of recommendations they're really intertwined It's hard to separate sometimes those two things out I mean a recommendation flows from the finding of fact Right The recommendation is ultimately in theory dependent upon the findings of fact In this case the school board and for its final written order of dismissal felt that the recommendation of the hearing officer was not based upon the facts and the findings of fact in this case and that's why the findings of fact were modified and supplemented I guess what I'm trying to wrap my head around is going back to what I said earlier If you've got these two kinds of reviews if something is against the manifest way to the evidence because in many of these cases the record can support A and B both and so as long as it's not against the manifest way to the evidence you're okay Now you've got a situation where I guess the court looks at did the board make the right decision when they said something was against the manifest way to the evidence and if they say okay that's not against the manifest way to the evidence that ends the story about the review doesn't it I think at the end of the day it is the board's decision that's being reviewed So their decision that this is against I'm just trying to think how this plays out So stage one, if you look at the board's decision that in their opinion the hearing officer's finding was against the manifest way to the evidence if the court determines that that was incorrect that the opinion was not against the manifest way to the evidence I guess at that juncture then you go that would be contrary to the board's final decision because they based it on a factor that was not correct it wasn't against the manifest way to the evidence See what I'm saying? Now if you find that okay we can accept that then you go to the next stage with the board's finding whether that's against the manifest way to the evidence That's at the end of the day is what the court's being tasked with is the board's the decision of the school board against the manifest way to the evidence But you're not going to accept the board's decision if you find they made a mistake in the beginning, right? Well if if the court finds that that the findings of fact do not support the board's decision under a manifest way standard then that would be the case If the record doesn't support the board's decision that the finding of fact by the hearing officer is not against the manifest way to the evidence I mean I think the statute gives that ability to the board to determine whether it's against the manifest way to the evidence The board can do that but they have a limitation before they can modify and supplement and their limitation is they have to find that in their opinion that finding of fact from the hearing officer was against the manifest way to the evidence, right? That is correct So if the court determines that that was erroneous that it's not against the manifest way to the evidence what does that say to the review by the court? I mean the court is still reviewing the school board's decision against the manifest way to the evidence It's important that their decision is that initial Yeah, in this case the dismissal is accompanied by a 20 page modification and supplementation of the I guess what I'm asking you is the court I guess reviews that decision that earlier decision, don't it, as part of the review? It is something that the court is giving consideration to We give consideration to it when we review that, right? And at the end of the day it's part of your review of the school board's decision under the manifest way standard Well, we're talking about developing a matrix of where you go in terms of analyzing Okay, you can't I think what Justice Carter is trying to suggest is that you've got step one, you can't supplement or modify unless you make the finding that the recommendation and findings of fact are against the manifest way to the evidence, right? Correct. That's the scheme That's what the legislature has tasked with On review, the court finds perhaps hypothetical one that there was an error made by the board that that recommendation by the hearing officer based on the findings of fact developed through the hearing are not against the manifest way to the evidence That could be the determination by a court on review is that correct? And so therefore, no supplement or modification in the board's decision should be considered I don't think that's what the statute says Well, you can't supplement or modify unless the board makes a finding that the hearing officer's decision is against the manifest way to the evidence, right? That's in the school board's opinion if it's against the manifest way to the evidence Would it be an error? Certainly, a school board could be an error These are hypothetical That is absolutely not the case here I didn't think you were coming But in this hypothetical the court on review would look at that whether that step one is an error or not I don't think that's the first step of the court's review What is the first step? The first step of the court's review is looking at the decision the final decision of the school board and saying is that decision against the manifest way of the evidence And in a case where the school board's decision that the hearing officer's findings were against the manifest way and the court feels that that's erroneous that's going to go to the ultimate determination as to whether the school board's decision was against the manifest way to the evidence What I'm trying to get my head around following Justice Hodges' questions is that how do you ever get to your step two if step one was erroneous In other words, it seems like Let me back up Is step one a limitation on the board In other words, the board cannot supplement or modify unless they find that a finding of fact by the hearing officer was against the manifest way of the evidence Is that not correct? Correct So once they say that if early on in step one you find that decision the opinion of the board was wrong Do you ever get to step two because step two is based on an erroneous finding by the opinion by the board I don't think it's a two-step process I think it's a one-step process You're reviewing the board's final decision Part of that decision is the modification, supplementation And that's something that the courts Let's look at the matrix of that If you start at step two you're determining whether or not because there's a big difference between these two things If you start at step two and you decide whether or not the decision of the board the findings of fact of the board and the decision of the board was against the manifest way of the evidence That's a test? Yes So if that's the test then there could be things in the record hypothetically that can support that I suppose hypothetically you could have a situation where the ultimate finding by the board maybe could be based on some evidence It seems to me that you could have a finding by the board that is based on this fixed given record Even if also the finding of the hearing officer could be determined not against the manifest way of the evidence despite the fact that the board has determined that it was So if you start here you're ignoring the limitations placed on the statute, aren't you? I don't think you are because It's so hard to get there If you have the board's decision and you find well, with the board deciding that the findings of fact can be supported by certain evidence in this given record you're saying it stops there, right? Yes, but that's what the DA says So then this other thing has no meaning at all, does it? That you don't change Because it seems to me that then the only thing is you're just deferring to this decision But if you have a limitation on the statute to say before you ever get to determine on your own you have to make this other thing, this other determination that seems to be a limitation on the power of the board getting to this awful thing Because, like I say, there are cases in these that both A and B can be supported by the record Because there's contrary testimony, there's all this kind of stuff So it seems to me it's certainly possible that it'd be easy for a court it's not easy or hard but based on the facts in the case you can find that what the hearing officer said that's not against the manifest way of the evidence and then ultimately when the board decided it was also supported by, you know, it's not against the manifest way of the evidence But if you've got this first step that's a limitation on you you've got to get through that before you can go to your next step Otherwise that has no meaning to say that you can't change the finding of the hearing officer unless it's against the manifest way of the evidence I know I'm repeating myself But I mean, what meaning does it have if you don't look at that? I mean, at the end of the day, I think it comes down to two things First, the statute says it's the school board's opinion regarding whether it's against the manifest way of the evidence and then the court's role is to review the school board's decision If there was some meaning to that wouldn't the language just have said in the opinion of the school board they didn't want to accept the decision of the hearing officer I mean, the term manifest way of the evidence doesn't have a legal meaning and, you know, if they just said we don't want to accept it because we want to do something different well, I mean, okay the statute could have been drawn that way but it wasn't and so at some point there has to be some review ability to review whether or not the school board had the authority or was acting properly when it supplemented and modified the decision of the hearing officer And I think that's all part of the court's review of the school board's decision I mean, part of the school board's decision is the supplementation and modification So the court would review whether that was appropriate or not Yes, under the manifest way standard That's what the court is being asked to do Now clearly that section about supplementation and modification is not required, obviously The school board can issue a decision without having gone through that process Correct And so what would be the standard of review then? Still manifest way to the evidence? It would still be a manifest way standard, yes The school board's determination of dismissal The school board's decision that is being reviewed And so at that time a reviewing court would look at the evidence supporting its review, its decision because it didn't supplement or modify But then presumably if it's to have any basis at all it would be relying on the hearing officer's findings of fact Correct Those are incorporated into the decision So in other words the review by the court could look at whether or not the supplemental, I mean the supplement and modification was appropriate and whether that was appropriate under the standard given by the statute and also determine whether or not if it was okay to supplement and modify then you go to the next step which is the ultimate decision against manifest way to the evidence of the board But if you say that they shouldn't have supplemented and modified then you don't get to the second point No, I don't think that's that's what the statute says If you can review whether or not they correctly supplemented and modified how do you review that? What's the standard to review that? Whether they supplemented and modified appropriately What the standard review is is it really comes down to what the final decision is That's the standard review and what the statute is trying to do, the changes in the statute is trying to take that final authority and what this court is giving deference to from the hearing officer and transferring that to the school board to return control to the school board So we don't review whether or not it was appropriate to supplement and modify I don't think that's something that the court is tasked with reviewing Okay, so we look So it basically comes down to that you're looking at both the hearing officer's decision and the decision of the school board when they're in conflict, obviously and we look at both of those decisions on manifest way to the evidence You look at the school board's decision under the manifest way of the evidence standard That's what VA says that the court is doing But that goes out of the window of the limitation What's that? There's no review of the limitation In other words, there's an aspect of this process that is not subject to review under your interpretation The aspect of the process that's not subject to review by this court is that factor to get into supplementing and modifying the findings by the hearing officer because if that's never reviewed if that's not supposed to be reviewed it's only the findings of fact and the decision by the school board then all we're doing is looking at the record and saying is that supplement findings if that's against the manifest way of the evidence of this record and we're not looking at all at this earlier statutory requirement that the board can't modify, can't supplement unless something is against manifest way of the evidence We never look at that That's correct Why is it there? I did not draft the statute but I interpret it as it's written and the statute says the school board can modify or supplement in its opinion the findings of factor against the manifest way and then later the statute says there's no review of that written into the statute So the review process doesn't apply to that To the specific decision to supplement and modify The decision of the school board is final unless reviewed under the administrative review law So that's the decision that's being looked at Any other questions? Good afternoon My name is Brian Baer I'm from Whitlaw LLC My firm also represents the Board of Education of East Moline School District 37 and I appreciate the opportunity to address you very briefly this afternoon I wanted to address you today because I was responsible for presenting the district's evidence before the hearing officer in this case and I think that without duplicating what Mr. Slade has gone into I did want to reach back to your final question Justice Carter as to why is it in there to have this intermediate review and I would note a case that we cited in our brief the Segoviano-Morris v. Grayslake school district case which also interpreted Public Act 97-8 which gave rise to these revisions to the school code and in that case, in the Segoviano case the second district said we defer to the wisdom of the legislature as to why they did the things that they did in this public act They were not interpreting dismissals for cause They were interpreting recall rights under reductions in force or something similar, but it was the very same statute that we're talking about today I'm not asking why the legislature passed something I'm trying to think how does this fit into the scheme of things that we have to review You're supposed to give some authority to the language of the statute You're not supposed to say we'll just read section B and omit section A Certainly, and I understand that concern and I understand that there is a desire to want to set out a matrix by which all of these cases can be analyzed The Supreme Court may be doing that for us in the begs matter It's supposed to come out tomorrow Probably tomorrow is my expectation What I would say is this The reason that I asked to address you today is that if there is that level of review on that intermediary step there I think that it is incumbent to note that there was no mistakes made by the Board of Education in their decision to modify and supplement the hearing officer's findings of fact in this case here The reason why I say that is this Even though the hearing officer's report is 49 pages long It is not complete It is not a full picture of the evidence that was presented at the hearing We were in that room for 5 days Working 8 until 5.30 on Friday We worked until 6 o'clock We presented 37 exhibits, 6 joint exhibits Counsel for Ms. Longenecker presented well over 26 exhibits of their own There was extensive testimony Much of which is not reflected in the hearing officer's report When I look at the hearing officer's report to see what findings the Board of Education modified I really can only point to three Two of them were what I would say slightly incorrect At record page C438 the hearing officer noted Principal Ron Harris' testimony after extensive questioning by Ms. Longenecker's counsel about individual students' scores on the math assessments The hearing officer failed to take any note of what I asked Mr. Harris about on redirect which was when you view all of these scores in the aggregate, is that where you're looking for the outlying scores that show that something unusual happened The Board of Education modified that finding to include that aggregate view At record page C438 the hearing officer referred to an email by Associate Superintendent Levon Peterson talking about data not being there to support the obligation He referred to that email in his discussion about the math assessments However, her testimony very clearly shows that she was talking about the charges relating to the language program not the math program The Board modified to include that But the most important finding that was, in my view entirely unsupported by the hearing officer that was modified is this notion of this security checklist of the tests that were delivered This is District Exhibit 14 This is a partial list There were 800 students in that school that took this test There are 65 pages in this total list And the fact that the district only presented these three pages, these were the three pages that Principal Harris took and had in his hand when he was in the room It was not intended to show that this piece of that this particular textbook that was broken open by Ms. Longenecker was or was not delivered into the classroom In fact, Ms. Longenecker agreed in her answer to the Bill of Particulars that Mr. Harris located all of the ISAT test booklets that were assigned to her That is Joint Exhibit 6, that is Record Page C, 1796 When that testbook that was handed to her discovered in her classroom she did not say, this student is not in my room She did not say this book that was not delivered here This issue was never in dispute Ms. Dunn testified that she delivered all of these booklets to this classroom and that she was never called back to deliver others Ms. Coleman, the union co-president at the time testified that this student was always assigned to Ms. Longenecker's classroom And thus, the hearing officers finding that the board failed to prove that this particular test booklet that was opened by Ms. Longenecker was actually delivered to her room that is against the manifest way of the evidence in this particular case So, if this Court chooses to review that intermediary step if the Supreme Court begs and tells us that that's what we have to do I want it to be very clear that there was no mistake in regards to that because I believe that the ISAT portion of these charges are the most important portion to bear in mind So, what you're saying is those three points that you just made those show that you were free then to supplement and modify because those three findings of fact make the difference along the modification of supplementing Not entirely Those three were the ones that were modified The rest of the 20 pages, single spaced of this final order is all supplementation because as counsel from Ms. Longenecker admits there is no explicit finding of credibility for any of these witnesses And if we go to a hearing officer for findings of fact and we don't get findings as to which witness was credible then the board has to supplement those findings The board has to make those decisions What if they have to supplement them because they are only allowed to do that if they show that the findings are against the manifest weight of the evidence So, it wouldn't be required to do that Well, they're required to do it in the sense that the hearing officer's report has not presented a full picture of the evidence If you want to test the manifest weight of the evidence you have to look at all the evidence And I think if you read the hearing officer's 49 pages you read the board's final 20 page supplemental final order you will see a full picture of the evidence And the full picture shows that the manifest weight of the evidence was overwhelmingly in support of the dismissal of Ms. Longenecker There were a number of things that Mr. Augusto the hearing officer did not mention in regards to Ms. Longenecker's testimony I would point you very briefly to page 8 and page 18 of our brief where we recite several facts about Ms. Longenecker's testimony that were inconsistent Emails that she sent talking about portions of work that she had completed which administrators then confronted her and she had to roll back her statements and say Oh, actually we weren't that far along She sent an email to Mr. Humphreys, the superintendent and to Mr. Harris, her principal saying I respect Mr. Harris immensely She testified on the stand that wasn't true I really didn't respect him when I sent that email And most importantly, on the final day of trial on Friday afternoon at 3.45 p.m. she finally testified for the first time ever to anyone I was not alone in the room with Ms. Mitchell at the time she claimed that I opened these test booklets At 3.45 on the last day of trial and we had to go back into the extensive level of documentation that we had preserved and locate emails that she sent and this was group exhibit 37 school district group exhibit 37 that showed Ms. Longenecker testifying and she admitted this, sending these emails over the period of time in which she claimed that she was walking these students down the hallway So the hearing officer failed to take note of these facts this evidence that was testified to much of which was admitted by Ms. Longenecker on the stand So, in one sense, the modifications that were errors by the hearing officer and in another sense, I believe the absence, the omissions that the hearing officer did not incorporate Quite frankly, when I read the hearing officer's report and I get to page 49, the final finding that the school board has not met its burden I feel is quite abrupt, there's so much left that was never discussed and that is why the board of education unanimously voted in support of the final order supplementing, modifying, and ultimately upholding its dismissal And I would contend that the circuit court correctly upheld that and I would ask you to do the same Thank you very much Mr. Behane from Fruit Battle I don't know that we're this is the appropriate forum to start advocating for the charges that were first leveled against Ms. Longenecker I'm trying to go through that and give a closing argument in that case I don't know that that's appropriate I think we're talking about what the statute requires I think I've been listening carefully to what the counsel said and I think he's more or less conceded what the case is all about In order to review the decision of the school board under the statute the first thing that a reviewing court must do this circuit court must first review whether the school board erred in changing, modifying, supplementing throwing out everything that the seeing if their determination if this was indeed against the manifest weight of the evidence was in fact correct So I agree that that's the first level of review right there and we don't get to the second level of review about what the school board did later if what the school board did first in reversing what the hearing officer did being against the manifest weight of the evidence We don't get to anything beyond that if we determine that indeed the hearing officer's findings were supported by the evidence and were not against the manifest weight So that I think is a two-step process I don't think we get to the second step I think we talked about this in our brief what level of deference is appropriate in this case The level of deference that's appropriate in this case is none to the school board because it erred in changing, in supplementing not supplementing, but entirely reversing turning on its head every determination that the hearing officer made I will grant that in five days of testimony you're going to find some inconsistencies I don't think anybody's ever been in a trial that lasted more than a couple of hours where there weren't some inconsistent statements made or some conflicting testimony that you can point to but that's why we have hearing officers in administrative review cases to make those credibility determinations and to hear those facts and make conclusions based on the appearance, demeanor, testimony eye contact whatever standards that people use in finding facts and then we go to a review process which is what the school board is limited to under the statute even though it serves as a prosecutor in the hearing before the ISBG hearing officer when they get an adverse decision from the hearing officer their review under 2412 is limited to a review on a manifest weight standard not to an ability to supplement and willy-nilly to reverse to throw out everything the hearing officer did otherwise we wouldn't need the hearing officer in the first place we would just have terminated it's what they have the authority to do under the statute they have the authority to supplement and modify it says that they do but it says only if it's against the manifest weight which is what this court is going to wind up reviewing the review is limited to what the school district's final decision is well that's not what D-9 says because D-9 says that you have to look at both what the school district says in changing the recommendations made by the hearing officer and what the hearing officer did let's give an example so they supplement they add 15 findings where the hearing officer didn't say anything but the record is there and in the record those findings can be supported that the school board made so they've supplemented on that basis that's not contrary to the statute they have the authority to do that no, it's not necessarily contrary to the statute but what we're getting at in a situation like this is we're reviewing both the findings of fact and the recommendations made the school board isn't going to be interested in supplementing or modifying if it has a favorable determination from the hearing officer okay in the statute they're authorized if they change something that has to be something that they're limited to something that they're finding the fact with the hearing officer that's not the best way to go if they supplement, which they have the authority to do they can, if the hearing officer there's nothing in the hearing officer's report about these things and they make 16 different findings of fact based on the record that's not contrary to any finding of fact they're free to do that aren't they? They are. and so when they do that and you look at then I guess then you're looking at whether based on those supplemental findings in the whole picture if it's not against the math that's what they have to confirm the school board with if you take their supplemental findings of fact and the whole picture then I guess it wouldn't be against the math that's the way the evidence if it's supported by the record I agree that you could posit a case where the hearing officer was faithless to his oath and chose to act as a partisan and ignored all contrary evidence and ignored anything that the school board wanted to put forward you could posit such a hypothetical I don't think that's the record here I think the 49 page report and decision of the hearing officer you can find something that's manifestly the evidence without finding someone's a bad guy no, no I know, but in terms of why I would do that or why I would have the authority to do that I think you almost have to get to the faithless hearing officer situation before you're going to get to a I suppose ignorant hearing officer I suppose you can come up with somebody who just plain didn't get it he slept through the third day of the hearing I suppose that could happen, but the bottom line is it's going to have to be something pretty extraordinary pretty out there in order to meet that manifest weight standard that the school district is required to meet before it can modify or supplement again, it's just a question of what does the statute say I didn't write the statute, Ms. Dowd didn't write the statute counsel for the school board didn't write it, we have to deal with what's written there but it does say that you can't modify or supplement unless it's against the manifest weight so that's the first case I'm asking about supplement when you supplement if you're supplementing and there's nothing in the hearing officer's final report no findings dealing with these 16 supplemental aspects and you're reviewing that, you're reviewing the board's decision then looking at the total picture you can say this isn't against manifest weight the evidence once you have all these supplemental facts right, but what you're doing in that situation obviously the school board has determined that the hearing officer's ultimate decision was against the manifest weight of the evidence and here's the evidence that the hearing officer missed because that's really what they have to explain what did the hearing officer miss in this case what did he fail to consider, what facts that are so decided that he missed the 16 hypothetical things right, and could ultimately support the school board's conclusion hypothetically that the hearing officer erred in making the determination he did, that the determination was really against the manifest weight of the evidence. I agree with you on the hypothetical but again, you don't get to that you first have to look at what the hearing officer did and whether the hearing officer's facts that he found the findings of fact and the determinations and recommendations that he made are supported by the evidence if they are you're going to wind up you don't get to the second stage that's the reason I'm asking this question I think that certainly you can't get to the second stage because you could find that the hearing officer's findings of fact are not contrary to the manifest weight of the evidence and yet the board can supplement with these 16 additional findings and they're not contrary to any the hearing officer didn't even talk about them they're not contrary to what the hearing officer did there are supplemental facts that the school board by statute is allowed to handle and they didn't have to sign in but again, in the realm of hypothetical what we're doing is those 16 supplemental findings would have to be such that now the hearing officer's ultimate decision is clearly erroneous and that's you'd have to find that the hearing officer's decision is clearly erroneous when you consider those other hypothetical findings of fact I think that's it, but that's the second stage of review I would ask that I'll stand on my briefs and we'll go from there Thank you Thank you all for your arguments here today this matter will be taken under advisement and a written decision will be issued to you as soon as possible so right now we'll take a brief recess Thank you